## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR294** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DARRIN L. HAYNES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's 's objections thereto (Filing Nos. 150).  See "Order on Sentencing Schedule," ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that there shall be no role adjustment.  The Defendant objects to the role enhancement in ¶ 38 of the PSR because the enhancement is outside the parameters of the plea agreement.  The Court's tentative findings are that the Rule 11(c)(1)(C) plea agreement should be upheld as to the agreement in ¶ 6 of the plea agreement.

The Court notes that ¶ 16 of the plea agreement states that the parties agreed, also pursuant to Rule 11(c)(1)(C), that the Defendant's criminal history was most likely to be category VI and his sentencing guideline range would be 292-365 months.  However, in the PSR the Defendant is placed in criminal history category V.   The Court's tentative findings is that ¶ 16 of the plea agreement is rejected insofar as it projected criminal history category VI and a sentencing range of 292-365 months.  However, the portion of the paragraph requiring a sentence at the low end of the guideline range will be accepted, absent unusual circumstances.

Therefore, the Court tentatively finds that the base offense level is 38, the adjusted offense level is 38, the total offense level is 35, the criminal history category is V, and the sentencing guideline range is 262-327 months.

IT IS ORDERED:

1.      The Defendant's objections (Filing No. 150) to the PSR are granted;

2.      The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3.      If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.      Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

5.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 28th day of April, 2005.

BY THE COURT:


s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

2